UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SERENA RUIZ,

        Plaintiff,

v.

BRIAN GOTTLIEB,

        Defendant.

Case No. 26-4014-DDC-BGS

## MEMORANDUM AND ORDER

Plaintiff Serena Ruiz filed this action pro se.[1] The Complaint consumes one page and names a single defendant, Brian Gottlieb. The allegations are minimal and contain just three numbered paragraphs:

1. Defendant, what others described as kind-hearted, failed to remain the same when doing his job,

2. When adjudicating issues, he showed tardiness, leaving things undecided,

3. Plaintiff requests an issuance of mandamus for Brian Gottlieb to resolve the backlog as soon as possible, which this Court has jurisdiction.

Doc. 1 at 1.

These allegations fail to state a claim upon which relief can be granted. The Complaint contains no factual allegations explaining who the defendant is, what authority he exercises, what specific duties he allegedly failed to perform, or how any delay violated plaintiff's legal rights. The pleading consists entirely of conclusory assertions, which is insufficient under Federal Rule of Civil Procedure 8. Although Rule 8 does not require detailed factual allegations,

---

[1] Plaintiff proceeds pro se. The court construes her filings liberally and holds her to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even liberally construing the Complaint, as the court must with pro se filings, the court cannot supply facts or construct a viable legal theory on plaintiff's behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). The Complaint does not identify any statutory or constitutional basis for relief.

To the extent plaintiff seeks mandamus relief, federal courts generally may not use mandamus to supervise or accelerate discretionary acts, or to intervene in the ordinary administration of another judge's docket. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35–36 (1980). Mandamus relief is an extraordinary remedy available only to compel the performance of a clear, nondiscretionary duty. *Id.* Where the challenged conduct is committed to discretion—*i.e.*, delay or dissatisfaction with the timing of proceedings—it does not establish a "clear and indisputable right" to relief. *Id.* (quotation cleaned up).

The court is also skeptical that it has subject-matter jurisdiction. The party seeking to invoke federal subject-matter jurisdiction bears the burden of establishing that jurisdiction is proper. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Mere conclusory allegations of jurisdiction are insufficient. *United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1162 (10th Cir. 1999). The basis for jurisdiction "'must appear on the face of a plaintiff's well-pleaded complaint.'" *Coando v. Coastal Oil & Gas Corp.*, 44 F. App'x 389, 395 (10th Cir. 2002) (quoting *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)). Thus, the "complaint must identify the statutory or constitutional provision under which the claim

arises and allege sufficient facts to show that the case is one arising under federal law." *Id.*

Here, plaintiff asserts, without explanation, that "this Court has jurisdiction." Doc. 1. But the Complaint doesn't identify any federal statute providing for jurisdiction. Nor does it allege any facts to establish diversity jurisdiction. The bare assertion of the court's jurisdiction, without more, is insufficient to invoke federal jurisdiction. *See Payn v. Kelley*, 702 F. App'x 730, 773 (10th Cir. 2017) (affirming dismissal for lack of subject-matter jurisdiction when plaintiff did not state any "colorable claim arising under federal law."); *Sifuentes v. Cap. One*, No. 23-4088, 2023 WL 6060382, at *3 (10th Cir. Sept. 18, 2023) (affirming district court's dismissal where complaint failed to allege citizenship of parties and facts sufficient to establish requisite amount in controversy). Moreover, publicly available information suggests that defendant resides in New York—it is unclear how or why this court in Kansas would have personal jurisdiction over him.[2] These considerations suggest dismissal is proper.

Because the Complaint fails to state a claim, fails to comply with Rule 8, and does not establish subject-matter jurisdiction, dismissal is warranted. The court may sua sponte dismiss a complaint that is patently deficient. *See Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018). A Pacer search also reveals that plaintiff has filed about 27 complaints in federal courts around the country within the last two months. All are styled "*Ruiz v. Gottlieb*." This scattershot suggests an abuse of the legal process. In addition to the host of substantive issues with this case outlined above, such abuse also supports sua sponte dismissal.

**IT IS THEREFORE ORDERED THAT** this case is dismissed without prejudice.

**IT IS FURTHER ORDERED THAT** the pending Motion to Proceed Without Payment of Fees (Doc. 2) is dismissed as moot.

---

[2]   Plaintiff's address is in Las Vegas, Nevada, which further raises questions about whether or how Kansas is a proper venue.

**IT IS SO ORDERED.**

**Dated this 17th day of February, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
